**SO ORDERED.**

**SIGNED this 01 day of April, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| RONALD S. ARTHUR | CHAPTER 13 |
| SILVERN S. ARTHUR | CASE NO. 10-05072-8-RDD |
| DEBTORS | |

ORDER DENYING APPLICATION FOR
PRESUMPTIVE NON-BASE ATTORNEYS FEES

Pending before the Court is the Application for Presumptive Non-Base Attorney Fees filed by J. Allen Murphy, attorney of record for Ronald S. and Silvern S. Arthur (the "Debtors"), on February 16, 2011 (the "Application"). No responses were filed to the Application.

Pursuant to the Application, counsel for the Debtors requests that a presumptive fee of $150.00 be paid through the chapter 13 plan in this case. The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 24, 2010. Subsequently, counsel prepared and filed a Proof of Claim on behalf of the North Carolina Department of Revenue. The Proof of Claim was filed on February 16, 2011 in the amount of $1,379.87. Counsel contends that the request for the presumptive, non-base fee is fair and reasonable for the service rendered and that awarding the fee would be in the best interest of the Debtors, the Debtors' estate, and the parties in interest.

E.D.N.C. LBR 2016-1(a)(2) provides that "[t]he standard base fee includes the basic services reasonably necessary to properly represent the debtor before the bankruptcy court during the first 12 months after the filing of the case."

Section (a)(4) of Local Rule 2016-1 provides that certain services are not covered by the presumptive base fee and that additional compensation for these services may be awarded by the court. These services include: (A) motion for authority to sell real property; (B) application to incur debt; (C) motion to extend or impose automatic stay for repeat filers; (D) prosecution or defense of adversary proceeding; (E) *filing of formal motions or responses pertaining to three or more matters arising during the first year of the case, including but not limited to services listed under subsection (6)*,[1] and (F) any other service that, in the discretion of the court, reasonably warrants additional compensation. E.D.N.C. LBR 2016-1(a)(4). (emphasis added).

The allowance of an additional fee for services related to counsel filing a proof of claim on behalf of a creditor is not specifically addressed by the local rule or as part of the administrative guide. Attorneys are aware that creditors may not timely file their proofs of claim and that he or she may be required to do so to protect the interest of their clients. 11 U.S.C. § 501(c). As such, the costs associated with the filing of these proofs of claim may be a cost of doing business for an attorney who handles Chapter 13 debtor cases as part of the basic services reasonably necessary to properly represent the debtor before the bankruptcy court during the first 12 months after the filing of the case.

---

[1] The *Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina* provides a detailed list of pleadings that are not included in the presumptive fee. *Supplement to Local Rule 2016-1(a)(6), p. 14.*

In this case, this Application seeks approval of compensation for Mr. Murphy's second[2] formal motion or response filed within the first year that the case has been pending. Therefore, pursuant to E.D.N.C. LBR 2016-1(a)(4)(E), Mr. Murphy is not entitled to the additional non-base fee. Furthermore, the filing of a basic proof of claim form does not warrant additional compensation as may be allowed under E.D.N.C. LBR 2016-1(a)(4)(F). Therefore, the filing of the proof of claim on behalf of a creditor in this case is part of the presumed base fee.

Based on the foregoing, the Application is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**

---

[2] Mr. Murphy filed a Motion to Modify the Proposed Chapter 13 Plan on February 16, 2011 as well. That motion would be his first filing during the first year that this case has been pending.